# FARMER'S FOODS, INC.

### v.

# INDUSTRIAL DEVELOPMENT AUTHORITY OF THE TOWN OF CHASE CITY, VIRGINIA

March 6, 1981.

Record No. 800786.

Present: Harrison, Cochran, Poff, Compton, and Thompson, JJ.*

---

\* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired on January 31, 1981.

Raymond R. Robrecht for appellant.
Alfred L. Shilling (John M. White-Hurst; David L. Richardson;
Bonnie M. France; McGuire, Woods & Battle, on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

The Industrial Development Authority of the Town of Chase City, Virginia (Authority) was created on December 11, 1967, by the Council of the Town pursuant to the provisions of the Industrial Development and Revenue Bond Act (Act), Code §§ 15.1-1373-1391. It is a political subdivision of the Commonwealth of Virginia and has been in continuous operation since its creation. On October 9, 1979, the Authority unanimously adopted a resolution to issue its industrial development revenue bonds to pay the cost of acquiring, constructing, and equipping a shopping center to be leased or sold to Allen M. Weaver or his assigns.

On December 4, 1979, the Authority instituted proceedings to validate the proposed bonds under Virginia's Public Finance Act, Code § 15.1-170, et seq. Appellant, Farmer's Foods, Inc., intervened and challenged the validity of the bonds upon the ground that the project to be financed, a shopping center, was not "among those projects legally permitted under the . . . Act." Appellant further objected upon the ground that the Authority was not legally constituted in that its directors had never subscribed to an oath of office as required by statute and that one of the directors resided outside the corporate limits of the Town of Chase City. The court below determined that the proceedings pursued by the Authority were in all respects legal, that a shopping center constitutes an "authority facility" as defined in the Act, and that the bonds might be issued. From this order Farmer's Foods, Inc., noted an appeal.

In Mayor v. Industrial Dev. Auth., 221 Va. 865, 275 S.E.2d 888 (1981) (this day decided), we held that under the provisions of

the Act an Industrial Development Authority was permitted to issue bonds incident to the financing of a retail sales facility. For reasons stated there, we are of opinion that the court below correctly decided that a shopping center is a permitted project under the Act.

The parties do not contest that the seven members of the Board of Directors of the Authority were properly appointed and were performing the duties of their office when the October 9, 1979 resolution was unanimously approved and adopted. It further appears that the members of the Board had not at that time taken and subscribed to the oath of office, and that two of the members did in fact reside outside the town limits. The trial judge found this to be "a typical situation for application of the *de facto* officer doctrine" because the directors had acted under color of a known valid appointment or election but had failed to conform to some precedent, requirement, or condition. The court held that "[f]or all practical purposes, the actions of a *de facto* officer are just as valid as those of a *de jure* officer so far as the public and third parties are concerned" and that notwithstanding the failure of the directors to subscribe to the oath of office and the nonresidency of two directors, their action in adopting the resolution on October 9, 1979, was legal, valid, and binding.

It is unnecessary for us to consider this assignment as the General Assembly during its 1980 session enacted Code § 15.1-1391. In pertinent part it provides:

> All proceedings heretofore taken to provide for or with respect to the authorization, issuance, sale, execution or delivery of bonds by or on behalf of any authority are hereby validated, ratified, approved and confirmed, and any such bonds so issued shall be valid, legal, binding and enforceable obligations of such authority.

This statute was adopted during the pendency of the validation proceedings under review. Significantly, the legislature did not include any exception for proceedings involved in pending litigation, and we hold the statute is applicable and binding here. Assuming, but not deciding, that the failure of the directors to subscribe to the oath and the nonresidency of two directors amounted to a defect or irregularity incident to the Authority's adoption of the resolution, we hold that such irregularity has been cured by the action of the General Assembly. The reason for the enactment of such a validating statute becomes manifest when it is considered that more than one hundred fifty bond-validating proceedings have been instituted in the lower

courts of this state during the past three years, a large number of which involved retail facilities and shopping centers.

We affirm the decree of the court below validating the proposed bond issue by the Authority to finance the shopping center.

*Affirmed.*